LABORDE, Judge.
This is a wrongful death action whereby plaintiffs, Fred and Gloria Valsin, are seeking to recover damages for the wrongful death of their minor daughter, Miranda, who died as a result of a pedestrian-truck accident on April 6, 1978. Named as defendants are Charles Bernard, the driver of the truck, Joseph Romero, Mr. Bernard’s employee who is doing business as G & J Trucking Company, Canal Indemnity Company, the liability insurer of Mr. Bernard, Mr. Romero and G & J Trucking and Bostic Concrete Company who allegedly was involved in a joint venture with G & J Trucking.[1] The matter was tried before a jury which returned an unanimous verdict in favor of defendants specifically finding that Charles Bernard was not guilty of negligence or fault which caused the accident. Pursuant to this verdict, judgment was rendered in favor of defendants on December 22, 1981. Mr. and Mrs. Valsin appealed from this adverse judgment. We affirm.
The main issue presented on appeal is whether the jury was manifestly erroneous in concluding that Charles Bernard was not negligent.
The accident which took the life of seven year old Miranda took place on April 6, 1978, at approximately 6:30 P.M. Defendant, Charles Bernard, was operating an International eighteen-wheeler tractor and trailer owned by defendant Joseph Romero. Mr. Bernard was traveling north on Center Street (Louisiana Highway 14) toward the town of New Iberia. This portion of Center Street is a four laned highway with two lanes of traffic running to the north and two lanes running to the south. Mr. Bernard was operating his vehicle in the right lane (outside lane) of traffic as he passed through the intersection of Center Street and Admiral Doyle. After crossing this intersection Mr. Bernard noticed a man attempting to cross Center Street. The man, later identified as Mr. Valsin, had passed the dividing line of the north/south lanes and was headed for the right lane of the north bound lanes. At this point, Mr.- Bernard “tooted” the horn of the truck to draw Mr. Valsin’s attention to the oncoming truck and in addition Mr. Bernard steered the truck farther to the right. Immediately thereafter, Mr. Bernard observed Miranda darting into the path of the eighteen-wheeler. Mr. Bernard quickly reacted by slamming on his brakes and swerving to the right. Mr. Bernard’s efforts were to no avail for Miranda was struck by the truck and died shortly thereafter at the scene of the accident. Mr. and Mrs. Valsin filed this suit in an attempt to recover damages for Miranda’s death.
At trial, conflicting testimony was heard on how the accident occurred. Mr. Bernard testified that he did not see Miranda until she darted into the path of the truck while Mr. Valsin testified that Miranda had already reached the sidewalk when the truck came upon her.
Mr. and Mrs. Valsin presented expert testimony attempting to establish that Mr. Bernard should have seen Miranda in ample time to avoid hitting her but failed to do so. Defendants attempted to show that Miranda was blocked from view by Mr. Valsin or that she was blocked from view by ears that were stopped in the south bound lane of Center Street.
*701 The jury received and evaluated this and all other testimony and evidence presented at the trial. The trial judge’s instructions to the jury included the applicable Louisiana law regarding pedestrian-motorist accidents as set forth in Baumgartner v. State Farm Mut. Auto. Ins. Co., 356 So.2d 400 (La.1978). After hearing the testimony and after being instructed as to the applicable law, the jury rendered an unanimous verdict finding that Mr. Bernard had not been guilty of negligence or fault that caused the accident.
We note that factual findings of the jury, particularly those based on credibility, should not be reversed on appeal unless manifestly erroneous or clearly wrong. McElroy v. Vest, 407 So.2d 25 (La.App. 3rd Cir.1981), writ denied 412 So.2d 83 (La.1982); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973). After reviewing the testimony and evidence contained in the record we are unable to conclude that the jury was erroneous in its decision. The evidence and testimony presented furnished a reasonable factual basis for the verdict that was reached. Therefore, the lower court’s judgment will not be disturbed.
Mr. and Mrs. Valsin also assert that the trial court erred by allowing evidence and by instructing the jury as to the negligence, if any, of Mr. Valsin in the defendant’s third party demand. Outside the presence of the jury the trial court had ruled that evidence as to the negligence of Mr. Valsin was admissible in defendants’ third party demand against Mr. Valsin for contribution, but the evidence as to his negligence was not admissible for any purpose with regard to the principal demand. The jury was asked to return a special verdict in the form of interrogatories. Interrogatory Number One requested a finding as to the negligence vel non of Mr. Bernard, the truck driver. After answering this question in the negative, the jury did not address any of the remaining seven questions, among which was an interrogatory concerning the negligence of Mr. Valsin.
The argument of Mr. and Mrs. Val-sin is that, the jury having been allowed to hear evidence regarding Mr. Valsin’s negligence, and having been instructed as to the allegations of Mr. Valsin’s negligence in the third party demands, this improperly influenced the jury in its determination that the truck driver was not negligent. Our review of the record does not support this argument. While we are not expressing an opinion on the ruling of the trial judge regarding the admissibility of evidence of the father’s negligence, or the adequacy of the jury instructions pertaining thereto, we note that the jury was properly instructed as to the high standard of care governing the conduct of the truck driver in the circumstances. Our review of the facts causes us to conclude that the truck driver could not and did not discover the child’s peril soon enough to avoid the accident. We further conclude the jury based its verdict on the evidence presented regarding the conduct of Mr. Bernard, and, having concluded he was not negligent, it was not necessary to consider the remaining interrogatories.
For the foregoing reasons the judgment of the lower court is affirmed. All costs are to be paid by the plaintiffs-appellants.
AFFIRMED.

. After plaintiffs rested, Bostic Concrete Company moved for a directed verdict which was sustained by the trial court.